Calvin C. **THORNBURY**, Plaintiff-Appellee,

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 16526.

United States Court of Appeals Sixth Circuit.

April 22, 1966.

848

RobertRobert C. McDiarmid, Dept. of Justice, Washington, D. C., John W. Douglas,

AsstAsst. Atty. Gen., Alan S. Rosenthal, Robert J. Vollen, Attys., Dept. of Justice, Washington, D. C., on brief, for appellant.

Ronald W. May, Pikeville, Ky., Combs & May, Dan Jack Combs, Pikeville, Ky., on brief, for appellee.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

The Secretary has appealed from an order of the District Court reversing his decision which denied to plaintiff a period of disability and disability insurance benefits under the Social Security Act, and remanding the case for the allowance of such benefits.

An examination of the record reveals that plaintiff, a 37-year old married man, in his application for disability insurance benefits stated his impairment as a leg injury—stiff left knee,[1] broken wrist that will not heal, arthritis, pin in leg, and heart condition. He stated he had an eighth grade education.

Plaintiff fell from a third story window, in May, 1962, and sustained a Colles fracture of the right wrist and fractures of the jaw and right femur. The bones were set and the fractures are now well healed. The pin has been removed from the leg. There is stiffness, however, in his right leg and his right wrist is weak. There was no evidence of any heart impairment.

There is an absence of evidence that plaintiff's injuries have prevented him from engaging in any substantial gainful occupation. No physician stated that plaintiff was so disabled, and the Secretary made no finding to that effect. There was no substantial evidence of neurological abnormalities.

Under the circumstances we are of the opinion that it was error to remand for the allowance of benefits.

In our opinion, this cause must be remanded to the Secretary to permit

---

1. The claimed injury to the left knee was doubtless a mistake since plaintiff's right leg, and not his left, was injured.

the taking of additional evidence by either party on the subject of disability, and the nature and extent thereof, whether it is such as to prevent plaintiff from pursuing his regular occupation, and if so, what other types of work he can perform and the availability of such work. The Secretary should make findings of fact on each of said subjects. Erickson v. Ribicoff, 305 F.2d 638 (6th Cir. 1962).

The judgment of the District Court is reversed and the cause is remanded to the Secretary for further proceedings in accordance with this opinion.